UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PEDRO PEREZ,**

    **Plaintiff,**

v.                                       **CASE NO.:**

**ANTHONY KASPERITIS, in his Individual Capacity; JOSEPH VALENTE, in his Individual Capacity; THE CITY OF NEW PORT RICHEY POLICE DEPARTMENT [Kim Bogart, in his capacity as Chief of Police]; and THE CITY OF NEW PORT RICHEY [Debbie L. Manns, in her capacity as City Manager of New Port Richey, Florida],**

    **Defendants.**
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff, PEDRO PEREZ ("PLAINTIFF"), by and through his undersigned attorneys, hereby sues ANTHONY KASPERITIS ("KASPERITIS"), in his Individual Capacity, JOSEPH VALENTE ("VALENTE"), in his Individual Capacity, THE CITY OF NEW PORT RICHEY POLICE DEPARTMENT [Kim Bogart, in his capacity as Chief of Police] ("NPR PD"), and THE CITY OF NEW PORT RICHEY [Debbie L. Manns, in her capacity as City Manager of New Port Richey, Florida] ("NPR"); and states:

### JURISDICTION AND VENUE

1. This is an action for damages which exceeds $75,000.00, exclusive of taxable costs, interest, and attorney's fees. Plaintiff in this action seeks relief under the Fourth and Fourteenth Amendments of the U.S. Constitution, and the Civil Rights Act of

1871, 42 U.S.C. § 1983, including compensatory damages, punitive damages, costs, and attorney fees, pursuant to 42 U.S.C. § 1988.

2. Venue is proper in the Middle District Court of Florida, pursuant to 28 U.S.C. § 1391(b), as at all times material, all Defendants worked and/or resided in this District, and all of the acts and omissions giving rise to this action occurred in Pasco County.

3. The Court has federal question jurisdiction over Plaintiff's federal law claims, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Plaintiff's state law claims are related to these federal claims and form a part of the same case or controversy, and the Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a).

4. All conditions precedent to the maintenance of this action, including those set forth in Florida Statute § 768.28, have either occurred, been waived, or otherwise satisfied.

## PARTIES

5. At all times material, PLAINTIFF was a resident of Pasco County, Florida.

6. At all times material, KASPERITIS was employed as a Certified Sworn Law Enforcement Officer for NPR PD and NPR and was acting under the direction and control of NPR PD and NPR, in such capacity as an agent, servant, and employee of NPR PD and NPR. Upon information and belief, KASPERITIS participated in the unconstitutional violations and other wrongful acts that occurred on or about October 2, 2016, at which time he was acting within the course and scope of his employment under

color of state law. KASPERITIS was and is a resident of the State of Florida.

7. At all times material, VALENTE was employed as a Certified Sworn Law Enforcement Officer for NPR PD and NPR and was acting under the direction and control of NPR PD and NPR, in such capacity as an agent, servant, and employee of NPR PD and NPR. Upon information and belief, VALENTE participated in the unconstitutional violations and other wrongful acts that occurred on or about October 2, 2016, at which time he was acting within the course and scope of his employment under color of state law. VALENTE was and is a resident of the State of Florida.

8. At all times material, NPR PD [Kim Bogart, in his capacity as Chief of Police of New Port Richey, Florida] was an entity, corporate and political, duly organized under Florida law. NPR PD is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and is responsible for their training, supervision, and conduct. NPR PD is also responsible for ensuring that its police personnel obey Florida law and that its rules and regulations are followed and enforced.

9. At all times material hereto, NPR [Debbie L. Manns, in her capacity as City Manager of New Port Richey, Florida] was an entity, corporate and political, duly organized under Florida law. NPR is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, departments (including NPR PD), and employees, and is responsible for their training, supervision, and conduct. NPR is also responsible for ensuring that its police personnel obey Florida law and that its rules and regulations are followed and enforced.

10. PLAINTIFF sues KASPERITIS, in his individual capacity.

11. PLAINTIFF sues VALENTE, in his individual capacity.

## GENERAL ALLEGATIONS

12. On or about October 2, 2016, PLAINTIFF was traveling as a passenger in the back seat of a vehicle with two other individuals; one individual was driving the vehicle, the other individual was the front seat passenger.

13. Officer Edward Donahue of NPR PD attempted to stop said vehicle for suspected illegal tints and crossing six inches over the white line at a stop light.

14. The driver of the vehicle did not stop for Officer Donahue and attempted to flee by driving away. Ultimately, the vehicle slowed and came to a stop in a parking lot.

15. After the vehicle slowed or otherwise came to a stop, the driver and front seat passenger fled from the vehicle on foot and continued to flee from Officer Donahue. PLAINTIFF did not flee or otherwise run, and stayed by the vehicle.

16. KASPERITIS and VALENTE, during their employment with NPR PD and NPR, appeared on the scene to assist Officer Donahue.

17. While PLAINTIFF was standing at or near the vehicle, KASPERITIS and/or VALENTE physically forced PLAINTIFF to the ground and punched and/or kicked him multiple times.

18. During the incident, KASPERITIS and/or VALENTE caused PLAINTIFF to suffer a broken jaw and bleed profusely from his mouth. PLAINTIFF also suffered broken teeth, and two teeth were extracted.

19. PLAINTIFF was transported to the hospital for treatment of his injuries. Repair of the PLAINTIFF'S jaw required the permanent installation of two metal plates and six metal screws in his mouth.

20. On or about November 7, 2016, NPR PD was notified of the undersigned's representation of PLAINTIFF and the undersigned's request for records in connection with the incident described herein. *Exhibit 1.*

21. On November 23, 2016, and after NPR PD was notified of the incident, a Misdemeanor Information charging PLAINTIFF with Obstructing or Resisting Officer Without Violence was filed by the Pasco County State Attorney's Office, based on KASPERITIS' version of the incident. *Exhibit 2.*

22. On May 23, 2018, PLAINTIFF filed a Motion to Dismiss the Information for Resisting Arrest Without Violence and Incorporated Memorandum of Law based on KASPERITIS' lack of probable cause to arrest PLAINTIFF, and lack of reasonable suspicion to even detain PLAINTIFF. *Exhibit 3*.

23. On May 30, 2018, after an evidentiary hearing, which included testimony from KASPERITIS, Circuit Court Judge Anne Wansboro granted PLAINTIFF'S Motion to Dismiss. *Exhibit 4.*

24. The Pasco County State Attorney's Office appealed the trial court's decision, and on February 4, 2019, Judge Wansboro's decision to grant PLAINTIFF'S Motion to Dismiss was affirmed per curiam by the Appellate Division of the Circuit Court for the Sixth Judicial Circuit of Florida in and for Pasco County. *Exhibit 5.*

25. Pursuant to the facts of the incident and the legal rulings in the underlying criminal case against PLAINTIFF, KASPERITIS and VALENTE had no reason to arrest, detain, or even lay one finger on PLAINTIFF.

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 5 of 18

## COUNT I
## 42 U.S.C. § 1983 – Excessive Use of Force by KASPERITIS

26. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25, as if fully set forth herein.

27. The force used by KASPERITIS against PLAINTIFF during the course of PLAINTIFF'S unlawful arrest was objectively inhuman and unnecessary, and constituted an unreasonable and excessive use of force in violation of PLAINTIFF'S clearly established constitutional rights pursuant to the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

28. KASPERITIS committed the acts described in this Complaint with complete disregard for PLAINTIFF'S constitutional rights, while acting under color of law, and specifically deprived PLAINTIFF of his constitutional right to be free from excessive police force pursuant to the Fourth Amendment.

29. As a direct and proximate result of KASPERITIS' conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

30. As a further direct and proximate result of KASPERITIS' conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

31. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against KASPERITIS for

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 6 of 18

damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## COUNT II
### 42 U.S.C. § 1983 – Excessive Use of Force by VALENTE

32. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25, as if fully set forth herein.

33. The force used by VALENTE against PLAINTIFF during the course of PLAINTIFF'S unlawful arrest was objectively inhuman and unnecessary, and constituted an unreasonable and excessive use of force in violation of PLAINTIFF'S clearly established constitutional rights pursuant to the Fourth and Fourteenth Amendments and U.S.C. § 1983.

34. VALENTE used unreasonable and excessive force against PLAINTIFF with depraved indifference to human life and conscious disregard for the safety of the general public.

35. As a direct and proximate result of VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

36. As a further direct and proximate result of VALENTE'S conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

37. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against VALENTE for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT III
### Battery by KASPERITIS

38. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25, as if fully set forth herein.

39. KASPERITIS' actions constituted an intentional, unwelcome, and unprivileged touching of PLAINTIFF.

40. As a direct and proximate result of KASPERITIS' conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

41. As a further direct and proximate result of KASPERITIS' conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

42. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against KASPERITIS for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT IV
### Battery by VALENTE

43. PLAINTIFF realleges the allegations contained in Paragraphs 1 through

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:
Page 8 of 18

25, as if fully set forth herein.

44. VALENTE'S actions constituted an intentional, unwelcome, and unprivileged touching of PLAINTIFF.

45. As a direct and proximate result of VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

46. As a further direct and proximate result of VALENTE'S conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

47. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against VALENTE for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT V
### Battery by NPR PD

48. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25, as if fully set forth herein.

49. KASPERITIS and VALENTE'S actions constituted an intentional, unwelcome, and unprivileged touching of PLAINTIFF.

50. KASPERITIS and VALENTE were acting within the scope of their employment with NPR PD.

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 9 of 18

51. As a direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life, and will so suffer in the future.

52. As a further direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

53. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against NPR PD for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT VI
### Battery by Defendant NPR

54. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25, as if fully set forth herein.

55. KASPERITIS and VALENTE'S actions constituted an intentional, unwelcome, and unprivileged touching of PLAINTIFF.

56. KASPERITIS and VALENTE were acting within the scope of their employment with NPR.

57. As a direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 10 of 18

enjoyment of life, and will so suffer in the future.

58. As a further direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

59. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against NPR for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT VII
### 42 U.S.C. § 1983 – False Arrest/False Imprisonment
### by KASPERITIS

60. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

61. KASPERITIS knew or should have known that PLAINTIFF was a non-threatening witness, and KASPERITIS' actions when arresting PLAINTIFF, in the absence of probable cause or arguable probable cause, were taken without lawful authority.

62. KASPERITIS, through his actions, personally participated and caused the false arrest and false imprisonment of PLAINTIFF.

63. As a direct and proximate result of KASPERITIS' conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

64. As a further direct and proximate result of KASPERITIS' conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

65. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against KASPERITIS for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT VIII
### 42 U.S.C. § 1983 – False Arrest/False Imprisonment by VALENTE

66. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

67. VALENTE knew or should have known that PLAINTIFF was a non-threatening witness, VALENTE'S actions when arresting PLAINTIFF, in the absence of probable cause or arguable probable cause, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of PLAINTIFF.

68. Through his actions, VALENTE personally participated and caused the false arrest and false imprisonment of PLAINTIFF.

69. As a direct and proximate result of VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

70. As a further direct and proximate result of VALENTE'S conduct,

PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

71. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against VALENTE for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT IX
### 42 U.S.C. § 1983 – False Arrest/False Imprisonment
### by NPR PD

72. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

73. KASPERITIS and VALENTE knew or should have known that PLAINTIFF was a non-threatening witness, and KASPERITIS' and VALENTE'S actions when arresting PLAINTIFF, in the absence of probable cause or arguable probable cause, were taken without lawful authority.

74. KASPERITIS and VALENTE were acting within the scope of their employment with NPR PD when they participated in, and caused the false arrest and false imprisonment, of PLAINTIFF

75. As a direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life, and will so suffer in the future.

76. As a further direct and proximate result of KASPERITIS and

VALENTE'S conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

77. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against NPR PD for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT X
### 42 U.S.C. § 1983 – False Arrest/False Imprisonment
### by NPR

78. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

79. KASPERITIS and VALENTE knew or should have known that PLAINTIFF was a non-threatening witness, and KASPERITIS' and VALENTE'S actions when arresting PLAINTIFF, in the absence of probable cause or arguable probable cause, were taken without lawful authority.

80. KASPERITIS and VALENTE were acting within the scope of their employment with NPR when they participated in, and caused the false arrest and false imprisonment, of PLAINTIFF

81. As a direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life, and will so suffer in the future.

82. As a direct and proximate result of KASPERITIS and VALENTE'S

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 14 of 18

conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life, and will so suffer in the future.

83. As a further direct and proximate result of KASPERITIS and VALENTE'S conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

84. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against NPR PD for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## COUNT XI
**Malicious Prosecution by KASPERITIS**

85. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

86. KASPERITIS wrongfully caused criminal proceedings to be instituted against PLAINTIFF with malice and absence of probable cause, by submitting police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

87. As a direct and proximate result of KASPERITIS' conduct, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life and will so suffer in the future.

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 15 of 18

89. As a further direct and proximate result of KASPERITIS' conduct, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

90. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, PLAINTIFF demands judgment against KASPERITIS for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

### COUNT XII
### Negligent Hiring by NPR PD

91. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

92. Upon information and belief, at the time of NPR PD's hiring of KASPERITIS, NPR PD was aware of certain facts regarding KASPERITIS that NPR PD could have foreseen the danger KASPERITIS presented to PLAINTIFF and other citizens.

93. As a result of NPR PD's negligent hiring of KASPERITIS, the injuries sustained by PLAINTIFF were within the zone of foreseeable risks.

94. As a direct and proximate result of NPR PD's negligent hiring, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life, and will so suffer in the future.

95. As a further direct and proximate result NPR PD's negligent hiring,

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 16 of 18

PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly related to his suffering and injuries.

96. All of the above described injuries are permanent and continuing in nature.

WHEREFORE, PLAINTIFF demands judgment against NPR PD for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## COUNT XIII
### Negligent Hiring by NPR

97. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

98. Upon information and belief, at the time of NPR's hiring of KASPERITIS, NPR was aware of certain facts regarding KASPERITIS that NPR could have foreseen the danger KASPERITIS presented to PLAINTIFF and other citizens.

99. As a result of NPR's negligent hiring of KASPERITIS, the injuries sustained by PLAINTIFF were within the zone of foreseeable risks.

100. As a direct and proximate result of NPR PD's negligent hiring, PLAINTIFF suffered loss of liberty and freedom, bodily injury and extreme pain and suffering, physical impairment, mental anguish, and the loss of capacity for the enjoyment of life, and will so suffer in the future.

101. As a further direct and proximate result NPR PD's negligent hiring, PLAINTIFF has, in the past, and will, in the future, be obligated to pay doctor's bills, hospital bills, medical expenses for treatment and care, and other expenses directly

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 17 of 18

related to his suffering and injuries.

102. All of the above described injuries are permanent and continuing in nature.

**WHEREFORE, PLAINTIFF** demands judgment against NPR for damages in excess of $75,000.00, plus taxable costs, interest, and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

**DATED** this 25th day of September, 2020.

/s/ Garrett S. Riley
ROBERT D. SPARKS, ESQUIRE
Florida Bar No.:       016258
GARRETT S. RILEY, ESQUIRE
Florida Bar No.:       52821
ROBERT SPARKS ATTORNEYS, PLLC.
201 East Kennedy Boulevard, Suite 1400
Tampa, Florida  33602
Telephone:    (813) 606-5050
Facsimile:     (813) 606-5709
Email:          rsparks@rsattorneys.com
Email:          griley@rsattorneys.com
Email:          cgoldthwait@rsattorneys.com
Attorneys for the Plaintiff

Pedro Perez v. Anthony Kasperitis, et al.
Case No.:

Page 18 of 18