

GIVENS GIVENS SPARKS

November 7, 2016

New Port Richey Police Department
**Attn: Records Department**
6739 Adams St.
New Port Richey, FL 34652

Re:  Our Client:        Pedro Perez
     Location:          Massachusetts Avenue
     Date of Incident:  October 1, 2016

Dear Sir or Madam:

    Our firm represents Pedro Perez regarding the above-referenced incident. Please accept this correspondence as our request for the CAD call report for all calls handled by the New Port Richey Police Department in the 5900 block of Massachusetts Avenue from 9:00 p.m. on October 1, 2016 to 12:00 a.m. on October 2, 2016.

    I have enclosed a self-addressed, stamped envelope for your convenience in mailing the documents to me. Should you require payment for providing the requested information to our office, please contact me and advise me of same.

    If you have any questions or need additional information, please feel free to contact me. Thank you for your assistance with this matter.

Sincerely,

*Christopher D. Codling*

Christopher D. Codling

Enclosure

201 North Franklin Street, Suite 1700, Tampa, FL 33602
Mailing Address: P.O. Box 2604, Tampa, FL 33601
Tel. (800) 716-6206 (813) 251-6700 Fax (813) 251-4542
Email: ccodling@givenssparks.com
Email: cheryl@givenssparks.com
www.givenssparks.com



EXHIBIT 1

IN THE COUNTY COURT FOR THE SIXTH JUDICIAL CIRCUIT
OF FLORIDA IN AND FOR PASCO COUNTY

ISSUE SUMMONS RETURNABLE

STATE OF FLORIDA

Arraignment

VS.

MISDEMEANOR INFORMATION

CTC 16-8192 MMAWS-15

PEDRO PEREZ
SPN 00734891
H/M; DOB: 09/19/88

OBSTRUCTING OR RESISTING
OFFICER WITHOUT VIOLENCE, 1°M

IN THE NAME AND BY THE AUTHORITY FOR THE STATE OF FLORIDA:

BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, prosecuting for the State of Florida, in the said County, under oath, Information makes that

PEDRO PEREZ

in the County of Pasco and State of Florida, on the 2nd day of October, in the year of our Lord, two thousand sixteen, did knowingly resist, obstruct or oppose Anthony Kasperitis, a law enforcement officer of the New Port Richey Police Department, Pasco County, Florida, while in the lawful execution of a legal duty, which consisted of criminal investigation, without offering to do violence to the person of the officer, to-wit: refusing lawful command; contrary to Chapter 843.02, Florida Statutes, and against the peace and dignity of the State of Florida. [5B]

STATE OF FLORIDA
PASCO COUNTY

Personally appeared before me BERNIE McCABE, the undersigned State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, or his duly designated Assistant State Attorney, who being first duly sworn, says this information is filed in good faith in instituting this prosecution.

The foregoing instrument was acknowledged before me this ___ day of ___ NOV 2 3 2016 ___, 2016 by ___ P. Papakos ___, who is personally known to me and who did take an oath.

NOTARY PUBLIC

Assistant State Attorney for the Sixth Judicial Circuit of the State of Florida, Prosecuting for said State

NP16-003609  M16-01133-17  DC/1031tn24

KRISTEN MULLINS
Commission # GG 013180
Expires July 19, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2016 NOV 23 PM 2:23
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

EXHIBIT 2

# INCIDENT DETAIL REPORT
## RESIST OFFICER, OBSTRUCTING WITHOUT VIOLENCE

Agency: NEW PORT RICHEY POLICE DEPARTMENT  
Phone: (727) 841-4550  
Address: 6739 ADAMS ST, NEW PORT RICHEY FL 34652  

Incident #: 16-03609

### DESCRIPTION
| | | |
|---|---|---|
| Call For Service #: 101296 | Begin Date/Time: 10/02/2016 00:11 | Occurence Date: 10/02/2016 00:11 |
| Other #: | End Date/Time: 10/02/2016 00:11 | Solvability Points: |
| Disposition: ACTIVE/REFERRED TO SAO | Date Reported: 10/02/2016 | Total Damage: $0.00 |
| UCR Disposition: NON-UCR REPORTABLE | UCR Disposition Date: 10/02/2016 | |

### Officers
Primary Officer: ANTHONY KASPERITIS

| Name: KASPERITIS, ANTHONY | Role: Reporting | Date Assigned: 10/02/2016 |
|---|---|---|

### OFFENSES
843.02     Primary Violation

| NCIC Code: | IBR Code: | UCR Code: 26Z |
|---|---|---|

RESIST OFFICER, OBSTRUCTING WITHOUT VIOLENCE

### LOCATIONS
#### PRIMARY ADDRESS
Location Type: Incident  
Place Name:  
Address: 5945 MASSACHUSETTS AVE  
PASCO COUNTY FL

### PERSONS
Involvement: SUSPECT  
Last Name: PEREZ  
First Name: PEDRO  
MI: ROLANDO  
Suffix:  
Race: WHITE  
Ethnicity: UNKNOWN  
Address: 5920 SUNGLOW LAND, PORT RICHEY, FL 34668  

Sex: M  
Birth Date: 9/19/1988  
Eye Color: BRO  
Hair Color: BLK  
Hair Length: Sht  
Height: 5'10"  
Weight: 200 lbs  

Primary: (727) 834-1314  
Cell: (727) 834-1314

UNOFFICIAL DOCUMENT

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2016 NOV 23 PM 2:23
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

Printed: 10/17/2016 - 9:39:00 AM

Incident Page 1 of 3



# INCIDENT DETAIL REPORT
## RESIST OFFICER, OBSTRUCTING WITHOUT VIOLENCE

Agency : NEW PORT RICHEY POLICE DEPARTMENT  
Phone : (727) 841-4550  
Address : 6739 ADAMS ST, NEW PORT RICHEY FL 34652  
Incident # : 16-03609

**INCIDENT NARRATIVE**

On October 2nd, 2016 over the radio Officer Donohue advised that he was in a high speed pursuit with a white dodge charger that was fleeing from his marked patrol unit. Officer Donohue advised that the vehicle was heading west on Massachusetts Ave when the vehicle attempted to turn and crashed into a parked vehicle at a business. While pulling up on scene over the radio I was advised that three males exited the vehicle and fled on foot heading east into a residential area. While running towards the vehicle I observed a man in a black tee shirt heading in the direction that the men that just fled from Officers were heading. While running toward the male in my agency marked uniform I started to give loud and clear commands for the male to get on the ground. The male continued to walk away from the vehicle not complying with my lawfully commands. While running at the male I continued to give loud and clear verbal commands. The male did not comply when I was able to get close to the male I gained a position on his right arm and the back of his belt. The male tensed him his arm and pulled away from my. I escorted the male to the ground still giving loud, clear and dissect commands to get on the ground.

When I escorted the male to the ground, I started to give commands for the male to place his hands behind his back. The male did not comply with my lawfully commands and in an attempt to obstruct me from gaining control of his hands the male started to thrust his body back and forth. Officer Valente was the second Officer on scene and assisted with me gaining control of the males arms. Officer Valente gained a dominate position on the males back, we were able to gain control of the males right wrist and place a handcuff on it. When the males right wrist was restrained the male took his left hand and shoved it below his body in a position where we could not obtain his hand. While attempting to gain control of the males arm, he attempted to thrust his head back and forth towards Officer Valente, while doing this I was able to use a pressure point on the males arm and gain control of the arm. I placed his right wrist into a handcuff and started to search the man for any weapons.

Officer Donohue arrived on scene with another male that fled from the vehicle, Officer Donohue stayed with both males while I attempted to apprehended the other male that fled from the vehicle. The other male was found walking west on Massachusetts Ave back towards where the crash occurred. I returned to officer Donhoue and placed the male that I handcuffed into the back of my patrol car. While escorting the male to the back of the vehicle, I observed some blood on the ground where the male was fighting with us. The male stated that he had been kicked in the face by one of the Officers. I observed that the male had blood coming from his mouth and informed the supervisor on scene. While the male was in the back of my vehicle he provided me with his name and date of birth. The male identified himself as Pedro Perez and informed me that his date of birth was 09/19/1988. I had dispatch conducted an F.C.I.C/N.C.I.C check for an active warrants. Dispatch advised me that Pedro had no active warrants and had a valid Florida ID card. Pedro was read his rights and advised that he was being placed under arrest for obstruction. I asked Pedro if he knew why his friends fled from Police he advised me that he did not know. Pedro stated that they just picked him up so they could go out to the grand opening of the strip club Desire.

While speaking with Pedro he advised me that he was still in a lot of pain and blood could still be observed in his mouth. I was advised to transport Pedro to the hospital for any injuries he may have sustained from the crash, or the struggled that happen while attempting to handcuff Pedro. Pedro was transported to Northbay Hospital, and due to the injuries that Pedro sustained was admitted into the hospital. Due to the injuries that Pedro sustained, I advised Pedro that I would be referring charger of Obstructing Police to the State Attorneys Office. I advised that due to his current health situation I would not take him to the jail when he is need of current medical attention. Pedro advised that he understood that he would being getting a letter in the mail to the address that he provided me with. Pedro stated that he knew if he did not attend the court date that a warrant for his arrest would be issued.

Photos were taken of the injuries that Pedro sustained. I gathered all the needed information for the charges to be refereed to the State Attorney's Office. Pedro was left in the care and custody of the medical staff at Northbay

IN THE COUNTY COURT OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

MISDEMEANOR DIVISION

CASE NO.: 2016-MM-008192MMAXWS

STATE OF FLORIDA,

vs.

PEDRO PEREZ,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS THE INFORMATION FOR RESISTING ARREST WITHOUT VIOLENCE AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW,** the Defendant, PEDRO PEREZ, by and through his undersigned attorneys, and respectfully moves this Honorable Court to dismiss the Information charging him with one count of resisting arrest without violence, pursuant Rule 3.190(c)(4), Fla. R. Crim. P., and as grounds therefor would state as follows:

### UNDISPUTED FOR FACTS

1. On or about October 2, 2016, Defendant, PEDRO PEREZ, was the front seat passenger in a white 2016 Dodge Charger that was being driven by a black male and also occupied by another Hispanic male who was in the back seat.

2. After observing the three males enter the vehicle after exiting a convenience store, Officer Ed Donohue, a police officer with the New Port Richey Police Department, attempted to conduct a traffic stop on the driver of the vehicle.

3. The driver of the vehicle failed to stop and began to flee from Officer Donohue.

State of Florida v. Pedro Perez
Case No.: 2016-MM-008192MMAXWS



Page 1 of 8

4. The driver of the vehicle eventually stopped after he crashed his vehicle into another parked vehicle.

5. After the driver crashed the vehicle, Officer Anthony Kasperitis, also with the New Port Richey Police Department, assisted Officer Donohue with detaining the occupants of the vehicle.

6. According to Officer Kasperitis, he observed the three occupants of the vehicle flee on foot after they exited the vehicle.

7. Further, Officer Kasperitis alleges that while running towards Mr. Perez, in his agency marked uniformed, he gave Mr. Perez loud and clear commands to get on the ground, but Mr. Perez continued to walk away from the vehicle and failed to comply with his lawful commands.

8. Officer Kasperitis states that he was finally able to catch up to Mr. Perez and gain control of Mr. Perez's right arm and the back of his belt before taking Mr. Perez to the ground and detaining him.

9. After Officer Kasperitis handcuffed and detained Mr. Perez, Officer Kasperitis stated that he observed blood on the ground where he took Mr. Perez into custody, that Mr. Perez was in pain and that Mr. Perez was bleeding from the mouth.

10. After Officer Kasperitis took Mr. Perez into custody, Mr. Perez was transported to Morton Plant Northbay Hospital due to his injuries.

11. While at Morton Plant Northbay Hospital, it was discovered that Mr. Perez had suffered a broken jaw that required surgical intervention to repair as a result of being taken into custody by Officer Kasperitis.

## MEMORANDUM OF LAW

**A.   Standard of Review for a Motion to Dismiss Pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure.**

12. The purpose of Rule 3.190(c)(4), Fla. R. Crim. P. is to avoid a trial in a criminal case when there are no material facts genuinely at issue. *State v. Kalogeropolous*, 758 So. 2d 110, 111 (Fla. 2000).

13. Pursuant to Rule 3.190(c)(4), a defendant may seek dismissal where "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt." Fla. R. Crim. P. 3.190(c)(4).

14. Further, "it is the defendant's burden to demonstrate that no prima facie case exists upon the undisputed facts set forth in detail in the motion." *State v. Cadore*, 59 So. 3d 1200, 1202 (Fla. 2d DCA 2011) (citing *Kalogeropolous*, 758 So.2d at 111).

15. If the State responds to a motion to dismiss with a traverse admitting the material facts and adding new facts of its own, then the question for the trial court is whether the State can show that the undisputed facts make out a prima facie case of the defendant's guilt. *See State v. Dickerson*, 811 So. 2d 744, 746 (Fla. 2d DCA 2002); *see also* Fla. R. Crim. P. 3.190(d).

16. In assessing whether there is a prima facie case of guilt set forth on the facts presented, the evidence must be taken in the light most favorable to the State, with all inferences resolved against the defendant. *State v. Pasko*, 815 So. 2d 680, 681 (Fla. 2d DCA 2002).

17. Where the most favorable construction of the facts sets forth in the motion and traverse fails to establish a prima facie case of guilt then a rule 3.190(c)(4) motion

should be granted. *Pasko*, 815 So. 2d at 681 (quoting *State v. Hunwick*, 446 So. 2d 214, 215–16 (Fla. 4th DCA 1984)).

**B. The Police Did Not Have the Requisite Authority to Stop or Detain Pedro Perez.**

18. To justify a stop or any other temporary detention, a police officer must have a founded reasonable suspicion that a person has committed, is committing, or is about to commit a crime. *Brown v. State*, 636 So. 2d 174 (Fla. 2nd DCA 1994); *Nealy v. State*, 652 So. 2d 1175 (Fla. 2nd DCA 1995); *Mayhue v. State*, 659 So. 2d 417 (Fla. 2nd DCA 1995).

19. More importantly, in order for the suspicion to be founded, it must "have some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." *Brown v. State*, 636 So. 2d at 175; *Nealy v. State*, 652 So. 2d at 1176; *Mayhue v. State*, 659 So. 2d at 418.

20. An investigatory stop cannot be based upon mere or bare suspicion of criminal activity. *Brown*, 636 So.2d at 175

21. Furthermore, "a hunch, even based upon an officer's experience, cannot be the basis for an investigatory stop." *Nealy* at 1176.

22. In E.A.B v. State, the Second District Court of Appeal held:

> In order to prove that a defendant is guilty of unlawfully obstructing an officer without violence, the state must establish that the defendant fled with knowledge of the officer's intent to detain him and *the officer was justified in making the detention due to his founded suspicion that the defendant was engaged in criminal activity.*

*E.A.B. v. State*, 964 So. 2d 877, 878 (Fla. 2d DCA 2007)(emphasis in original).

23. Interestingly, the facts of E.A.B. are very similar to the facts of the present case at bar. In E.A.B., a deputy with the Hillsborough County Sheriff's Office observed the driver of vehicle at the location of an intersection where he had responded to investigate a stolen vehicle. *Id.* When the deputy activated his lights and siren to make a traffic stop the driver of the vehicle left the scene. *Id.* The deputy followed the vehicle at a high rate of speed and eventually caught up to the vehicle when the driver stopped at the end of a dead end road. *Id.* As the deputy approached the vehicle both the driver and passenger exited the vehicle and ran off after the deputy ordered them to stop. *Id.* At short time after fleeing the vehicle, the passenger, E.A.B., was apprehended by another deputy. *Id.* At the conclusion of the deputy's testimony, defense counsel moved for a dismissal of the charge. *Id.* Defense counsel's argument was "the State had failed to show that the deputy was engaged in the lawful execution of a legal duty because the deputy lacked a reasonable basis for believing that E.A.B. was involved in criminal activity." *Id.* The trial court rejected this argument and found E.A.B delinquent. *Id.*

24. The E.A.B. Court, in reversing the trial court's denial of the motion to dismiss, stated:

> The element of lawful execution of a legal duty is satisfied if an officer has wither a founded suspicion to stop the person or probable cause to make a warrantless arrest. Therefore, E.A.B's delinquency adjudication can stand only if Deputy Morales had a particularized and objective basis for suspecting that E.A.B. was involved in criminal activity.

*Id.* at 878.

25. The E.A.B. Court found "[n]othing in the scenario described by the deputy gave him an objective basis for suspecting E.A.B. of criminality. *Id.* at 879.

26. Furthermore, the E.A.B. Court noted "[t]he failure of the car to stop when first directed to do so could not be attributed to E.A.B. because he was not driving it. *Id.* See also, *D.M. v. State*, 681 So. 2d 797 (Fla. 2d DCA 1996)(The court reversed a conviction for obstruction without violence after the defendant, a passenger in a car that fled after running a red light and almost hitting a police car, ran from an officer because as the court held "the officer lacked a founded suspicion to conclude that the passenger was engaged in criminal activity."); *J.R.P. v. State*, 942 So. 2d 452, 454 (Fla. 2d DCA 2006)(Court reversed an obstruction adjudication under similar facts, "the police may have had a basis to stop the drivers, but the passengers had the right to leave in the absence of a well-founded, articulable suspicion that they were involved in criminal activity."); *J.D.H v. State*, 967 So. 2d 1128, 1130 (Fla. 2d DCA 2007)("[B]ecause J.D.H. fled from officers who had no legal right to detain him, he could not have been lawfully arrested for resisting an officer without violence."); *T.H. v. State*, 554 So. 2d 589, 590 (Fla. 3d DCA 1989) (Court also reversed a delinquency adjudication for resisting without violence, holding "absent objective proof of actions by a passenger which evidences some substantial involvement in the driver's actions, a mere passenger cannot be held responsible for the actions of the driver of the vehicle").

27. In this case, just like all the previously cited cases herein, there is no evidence that Mr. Perez was committing any crime or was about to commit any crime, therefore, Officer Kasperitis could not be in the lawful execution of a legal duty when he unlawfully detained Mr. Perez.

28. More importantly, just like the holdings in E.A.B. v. State, D.M. v. State, J.R.P. v. State, J.D.H. v. State and T.H. v. State, if Officer Kasperitis did not have a

founded suspicion to conclude that Mr. Perez was engaged in criminal activity then not only could he not legally detain him, but he could not lawfully arrest Mr. Perez for the offense of Resisting Arrest Without Violence either.

29.   Therefore, as a matter of law, this Honorable Court must dismiss the Information charging Mr. Perez with one count of Resisting Arrest Without Violence. *See E.A.B.* at. 880 ("Because the deputy lacked a reasonable suspicion to believe that E.A.B. was engaged in criminal activity, the deputy was not lawfully executing a legal duty when he ordered E.A.B. to stop. Therefore, E.A.B. could not be guilty of obstruction when he fled in defiance of the deputy's order.").

**WHEREFORE**, the defendant, PEDRO PEREZ, prays that this Honorable Court will enter an Order dismissing the Information charging him with one count of resisting arrest without violence and granting any and all such other and further relief as the Court may deem proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via email to: Lawrence Imburgia, Esquire and Matthew Garcia, Esquire, Office of the State Attorney, P.O. Box 5028, Clearwater, Florida 33758; on this the 23rd day of May, 2018.

CHRISTOPHER D. CODLING, ESQUIRE
Florida Bar No.:   794651
ROBERT D. SPARKS, ESQUIRE
Florida Bar No.:   016258
GIVENS GIVENS SPARKS, PLLC
P.O. Box 2604
Tampa, Florida 33601
Telephone:   (813) 251-6700

```
Toll free:      (800) 716-6206
Facsimile:      (813) 251-4542
Email:          ccodling@givenssparks.com
Email:          rsparks@gvenssparks.com
Email:          cheryl@givenssparks.com
```
Attorneys for the Defendant

IN THE COUNTY COURT OF THE
SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
MISDEMEANOR DIVISION

CASE NO.: 2016-MM-008192MMAXWS

STATE OF FLORIDA,

v.

PEDRO PEREZ,

Defendant.
_____/

## ORDER

THIS CAUSE, having come before the Court on May 24, 2018, on Defendant's Motion to Dismiss the Information charging him with Resisting Arrest Without Violence,, and the Court having reviewed the motion, having reviewed the Court's file, having heard the arguments of the parties and being otherwise fully advised in the premises, it is therefore

ORDERED AND ADJUDGED:

✓   a.   The Defendant's Motion to Dismiss is hereby **GRANTED**.

___   b.   The Defendant's Motion to Dismiss is hereby **DENIED**

DONE AND ORDERED in Chambers at New Port Richey, Pasco County, FL, on this the 30 day of May, 2018.

_____
HONORABLE ANNE WANSBORO
CIRCUIT JUDGE

cc:   Christopher D. Codling, Esquire
      Lawrence Imburgia, Esquire



EXHIBIT 4

State of Florida v. Pedro Perez
Case No.: 2016-MM-008192MMAXWS

Page 1 of 1

Filed for record 2018 MAY 30 AM 11:04
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida
PASCO COUNTY, FLORIDA

NOT FINAL UNTIL TIME EXPIRES FOR REHEARING AND, IF FILED, DETERMINED

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR PASCO COUNTY
APPELLATE DIVISION

**STATE OF FLORIDA,**
    Appellant,

v.

**PEDRO ROLANDO PEREZ,**
    Appellee.
_____/

UCN: 512018AP000032APAXWS
Appeal No.: 18-AP-32
Lower No.: 16-MM-8192

On appeal from Pasco County Court,
Honorable Anne Wansboro

Lawrence Imburgia,
Assistant State Attorney,
for Appellant,

Christopher D. Codling, Esq.,
for Appellee.

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2019 FEB -5 PM 3:03
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

## PER CURIAM

Affirmed.

DONE AND ORDERED in Chambers at New Port Richey, Pasco County, Florida this 4 day of February, 2019.

**DANIEL D. DISKEY**
Circuit Judge, Appellate Division

**LINDA BABB**
Circuit Judge, Appellate Division

**KIMBERLY CAMPBELL**
Circuit Judge, Appellate Division

Copies to:
Honorable Anne Wansboro

Joseph Manzo, Esq.
50 8th Avenue Southwest
Largo, FL 33779-0658

Office of the State Attorney

Staff Attorney



EXHIBIT 5

NOT FINAL UNTIL TIME EXPIRES FOR REHEARING AND, IF FILED, DETERMINED

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR PASCO COUNTY
APPELLATE DIVISION

STATE OF FLORIDA,
    Appellant,

v.

PEDRO ROLANDO PEREZ,
    Appellee.
_____/

UCN: 512018AP000032APAXWS
Appeal No.: 18-AP-32
Lower No.: 16-MM-8192

On appeal from Pasco County Court,
Honorable Anne Wansboro

Lawrence Imburgia,
Assistant State Attorney,
for Appellant,

Christopher D. Codling, Esq.,
for Appellee.

## AMENDED ORDER

The previous Order and Opinion issued February 4, 2019 Per Curiam Affirming the trial court's order is hereby AMENDED as follows as to the "Copies to" section: replacing "Joseph Manzo, Esq., 50 8th Avenue Southwest, Largo, FL 33779-0658" with "Christopher D. Codling, Esq., Givens Givens Sparks, PLLC, P.O. Box 2604, Tampa, FL 33601-2604." In all other respects, the order of the Court is unaltered.

DONE AND ORDERED in Chambers at New Port Richey, Pasco County, Florida this ____ day of _____, 2019.

ORIGINAL SIGNED

_____ FEB 15 2019
DANIEL D. DISKEY
Circuit Judge, Appellate Division

Copies to:
Honorable Anne Wansboro

✓ Christopher D. Codling, Esq.
Givens Givens Sparks, PLLC
P.O. Box 2604
Tampa, FL 33601-2604

Office of the State Attorney

Staff Attorney